IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          CRIMINAL ACTION NO. 5:14-cr-00103

DOUGLAS EDWARD MORRIS,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On August 12, 2015, the Court entered an *Order* (Document 24) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 25) and the Defendant (Document 26), submitted pursuant to the Court's *Order* (Document 24). The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to traveling in interstate commerce to facilitate a crime in violation of 18 U.S.C. § 1952(a)(3) (Count One), and to simple possession of a controlled substance in violation of 21 U.S.C. § 844(a) (Count Two), on May 20, 2014. The PSR attributed 345 grams of heroin to the Defendant. That corresponded to a base offense level of twenty-six (26). He received a two-level increase for maintaining a premises for the purpose of distributing heroin, a four-level increase for being an organizer or leader of criminal activity involving five or more participants, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-nine (29). The Defendant had three criminal history points at the time of his conviction, resulting in a criminal history category of II. His original guideline range was 97 to 121 months, reduced to the combined statutory maximum of eighty-four (84) months. On October 23, 2014, the Court imposed a sentence of sixty (60) months as to Count One and twenty-four (24) months as to Count Two, for a total of eighty-four (84) months.

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-seven (27). The revised guideline imprisonment range is 78 to 97 months, again capped by the statutory maximum of 84 months. He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has paid part of his special assessment through participation in the inmate financial responsibility program. He has complied with DNA collection requirements. The Defendant completed the 40-hour drug education program, and had partially completed the Non-Residential Alcohol and Drug Treatment Program at the time the Probation Office submitted the Addendum to his PSR. He was on the waiting list for the Residential Alcohol and Drug Treatment Program. The Defendant has not received any disciplinary sanctions while in BOP custody.

The United States does not object to a sentencing reduction for the Defendant. The Defendant argues that he should be sentenced to 78 months, the bottom of his amended guideline range.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to twenty-four (24). After consideration of the two-level enhancement for maintaining a premises to facilitate drug distribution and the four-level role enhancement, as well as the three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-seven (27)**. Given his criminal history category of **II**, his offense level establishes a revised guideline imprisonment range of **78 to 84 months.** Having given careful consideration to the offense conduct, the Defendant's leadership role in the offense, and the Defendant's history, the Court **FINDS** that the original sentence of eighty-four (**84) months**, which would be toward the low end of the amended guideline range but for the statutory maximum, remains appropriate. Accordingly, the Court **ORDERS** that the Defendant's sentence **REMAIN AS ORIGINALLY IMPOSED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:    December 11, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA